<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL XI</td></tr>
<tr><td>C&C MANAGEMENT HOLDING, CORP<br><br>Recurrido<br><br>v.<br><br>VIBEKE LORRAINE BETANCES LACOURT t/c/c VIBEKE L. BETANCES LACOURT<br><br>Peticionario</td><td>KLCE202400033</td><td>*CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala de Cabo Rojo<br><br>Civil Núm.: CB2022CV00070 (0200)<br><br>Sobre: Cobro de Dinero</td></tr>
</table>

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de febrero de 2024.

Comparece ante nos la señora Vibeke Lorraine Betances Lacout, ("Sra. Betances Lacout" o "Peticionaria"), mediante *Certiorari* presentado el 9 de enero de 2024. Nos solicita que revisemos la *Resolución* emitida el 28 de noviembre de 2023, notificada el 5 de diciembre del mismo año, por el Tribunal de Primera Instancia, Sala Superior de Cabo Rojo ("foro primario" o "foro *a quo*"). Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* la solicitud de reconsideración instada por la Peticionaria.

Por los fundamentos expuestos a continuación, **denegamos** la expedición del auto de *certiorari.*

## I.

El 14 de febrero de 2022, la compañía C&C Management Holding Corp. ("C&C Management" o "Recurrida") incoó una *Demanda* sobre cobro de dinero contra la Peticionaria.[1] En síntesis, alegó que era el desarrollador de la Urbanización Veredas del Mar ("Urb. Veredas") ubicada en el municipio de Cabo Rojo. Sostuvo que

---

[1] Véase entrada número 1 del expediente electrónico del caso CB2022CV00070 en el Sistema Unificado de Manejo y Administración de Casos ("SUMAC").

Número Identificador

SEN(RES)2024_____

la Peticionaria es propietaria de una residencia de la Urb. Veredas y adeudaba una cantidad de $2,225.00 en concepto de cuotas de mantenimiento atrasadas al 1 de noviembre de 2021, más el 5% de cada pago mensual vencido. Señaló, además, que la Peticionaria adeudaba intereses legales a razón del 6% anual por las sumas adeudadas.

Así las cosas, el 3 de octubre de 2022, C&C Management presentó *Moción solicitando se dicte sentencia sumaria contra la parte demandada Vibeke Lorraine Betances Lacourt.*[2] Mediante esta, expuso que le cursó un pliego de interrogatorio y requerimiento de admisiones a la Peticionaria, el cual nunca contestó. Sostuvo que, de conformidad con la Regla 33(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 33, si la parte incumple con el término para negar u objetar el requerimiento de admisiones, estas se entenderán admitidas. Por lo anterior, solicitó que se dieran por admitidas la información solicitada en los requerimientos de admisiones y en consecuencia, dictara sentencia sumaria a su favor.

En vista de tal solicitud, el 7 de octubre de 2022, notificada el 11 del mismo mes y año, el foro *a quo* emitió *Orden* en la que le concedió un término de veinte (20) días a la parte Peticionaria para que presentara su oposición a la solicitud de sentencia sumaria.[3]

Insatisfecha, el 26 de octubre de 2022, la Peticionaria presentó *Reconsideración y Solicitud de Término.*[4] Señaló que el caso se encuentra en etapa de descubrimiento de prueba, lo cual le impedía oponerse a la solicitud de sentencia sumaria. Añadió que aún se encuentran en proceso de contestar los interrogatorios y que C&C Management no ha contestado los requerimientos de documentos que le envió el 22 de julio de 2022. Por lo anterior,

---

[2] Entrada núm.19 de SUMAC.
[3] Entrada núm. 20 de SUMAC.
[4] Apéndice *certiorari,* págs. 2-5.

solicitó que se reconsiderara la *Orden* emitida el 7 de octubre de 2022.

De conformidad, el 27 de octubre de 2022, notificada al próximo día, el foro primario emitió *Resolución* en la que determinó lo siguiente:

> Ha Lugar a la Reconsideración.
>
> Se entretiene la Solicitud de Sentencia Sumaria.
>
> Se concede término adicional final de 30 días a la parte demandada [para] contestar el interrogatorio cursado [el] 8 de julio de 2022 por la parte demandante.
>
> La parte demandada tendrá hasta el 19 de enero de 2023 para cursar algún mecanismo de descubrimiento de prueba a la parte demandante. Si se tomaran deposiciones, estas deben tomarse en o antes del 23 de enero de 2023.
>
> Se establece la fecha de 15 de marzo de 2023 como cierre de descubrimiento de prueba.[5]

Posteriormente, el 18 de mayo de 2023, el Recurrido presentó un escrito intitulado *Moción en apoyo a otra titulada "Moción solicitando se dicte sentencia sumaria contra la parte demandada Vibeke Lorraine Betances Lacourt"*. Por virtud de esta, señaló que, pese a la *Resolución* emitida por el foro primario el 27 de octubre de 2022, la Peticionaria aún no había contestado el interrogatorio y requerimiento de admisiones. Por tanto, reiteró que procedía que se dictara sentencia sumaria a su favor.[6] Mediante *Orden* emitida el 19 de septiembre de 2023, notificada el 22 del mismo mes y año, el foro primario ordenó a la Peticionaria a oponerse a la solicitud de sentencia sumaria, dentro de un término perentorio de diez (10) días.

En desacuerdo con lo ordenado, el 2 de noviembre de 2023, la Sra. Betances Lacout presentó *Reconsideración de orden y solicitud de orden para que la parte demandante conteste nuestro interrogatorio.*[7] En esta, arguyó que no había podido cumplir con el descubrimiento de prueba ordenado, puesto que para culminar el

---

[5] *Íd,* pág. 9.
[6] Entrada núm. 25 de SUMAC.
[7] Entrada núm. 32 de SUMAC.

proceso de contestar los interrogatorios era necesario que el Recurrido contestara el interrogatorio cursado desde junio de 2022. A dicha solicitud se opuso la parte Recurrida.

Evaluados los argumentos de cada parte, el 28 de noviembre de 2023, notificada el 5 de diciembre de 2023, el foro *a quo* emitió *Resolución* en la que declaró *No Ha Lugar* la solicitud de reconsideración instada por la Sra. Betances Lacout.

Inconforme aún, el 9 de enero de 2024, la Peticionaria acudió ante esta Curia mediante *Certiorari,* en el que le imputó al foro primario la comisión del siguiente error:

> Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Cabo Rojo al declarar No Ha Lugar la moción de reconsideración presentada por la demandada para que ordenara a la demandante a descubrir lo solicitado previo a la contestación a sentencia sumaria.

El 18 de enero de 2024, esta Curia emitió *Resolución* en la que le concedió hasta el 22 de enero de 2024 a la parte Recurrida para que mostrara causa por la cual no debíamos expedir el recurso de *certiorari* y revocar la determinación impugnada. No obstante, la parte Recurrida no compareció.

Sin contar con el beneficio de la parte Recurrida, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideracion, para la resolución del mismo.

## II.

### A. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. Véase, además, *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 213 DPR __ (2023); 2023 TSPR 145, resuelto el 19 de diciembre de 2023. Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)     Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F)     Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)     Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra,* págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### B. Manejo de Caso

El efectivo funcionamiento de nuestro sistema judicial, y la rápida disposición de los asuntos litigiosos, requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales. *In re Collazo I,* 159 DPR 141, 150 (2003). Es por ello, que a éstos se les ha reconocido poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique. *Íd.* El Tribunal de Primera Instancia tiene el deber ineludible de garantizar que los procedimientos se ventilen sin demora, con miras a que se logre una justicia rápida y eficiente. *In re Pagani Padró,* 181 DPR 517, 529 (2011). Como regla general, los foros revisores no intervendrán con el manejo del caso ante la consideración del TPI. Siendo así, el Tribunal Supremo ha manifestado, que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, **salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto.** *Citibank et al. v.*

*ACBI et al.*, 200 DPR 724, 736 (2018). El ejercicio adecuado de la discreción se relaciona de manera estrecha con el concepto de razonabilidad. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**III.**

Conforme el derecho aplicable, no encontramos razón por la que debamos intervenir en el presente caso. No se configura ninguna de las instancias contempladas en la Regla 52.1 de Procedimiento Civil, *supra,* y a la luz de los criterios establecidos en la Regla 40 de este Tribunal, *supra,* que debemos evaluar, no encontramos justificación para intervenir.

La orden impugnada -que buscaba perfeccionar la sentencia sumaria para hacerla susceptible de adjudicación- se encuentra dentro del marco del manejo de caso del foro primario y, además, no resulta irrazonable ni comporta abuso de discreción, a la luz de las ordenes que con respecto al descubrimiento de prueba había emitido anteriormente. Por lo tanto, la determinación recurrida constituye una decisión dentro del claro ejercicio de discreción conferido al foro primario y de su facultad de manejar los casos de la manera que entiendan más adecuada, conforme las normas de derecho aplicables y los hechos ante su consideración.

Además, concluimos que el foro *a quo* no actuó de forma arbitraria o caprichosa, ni se equivocó en la interpretación o aplicación de las normas procesales o de derecho al ejercer su poder discrecional de tomar las medidas protectoras que entendió necesarias, por lo que no se justifica nuestra intervención en este caso.

**IV.**

Por lo fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones